HUNT et al. v. HOWES et al.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1896.)

Dissenting opinion. For majority opinion see 74 Fed. 657.

BOARMAN, District Judge (dissenting). The two opinions already filed in this cause are so extended that I do not care to elaborate my views. I dissent from the original decision of the court, the opinion filed therein, and the opinion filed in the application for rehearing. The fact is the defect in jurisdiction was not discovered by or known to the parties, their counsel, or the judge of the court below. It was only discovered after the cause had been brought to this court by new counsel employed in this city by plaintiff in error, who suggested the matter of jurisdiction to the court, without which, perhaps, the defect would not have been discovered even in this court.

---

AMERICAN GRAPHOPHONE CO. v. AMET.

(Circuit Court, N. D. Illinois. April 6, 1896.)

Decree, May 4, 1896. For opinion see 74 Fed. 789.

This cause came on to be heard on the 20th of February, 1896, on pleadings and proofs, and was argued by counsel both for complainant and for the defendant; and the pleadings and proofs, as well as the briefs of counsel, having been fully considered, and the court being fully advised in the premises, it is hereby ordered, adjudged, and decreed as follows: That the complainant, the American Graphophone Company, a corporation organized under the laws of West Virginia, is sole and exclusive owner of letters patent Nos. 341,214 and 341,288, each bearing date of the 4th of May, 1886, and being for new and useful improvements in recording and reproducing speech and other sounds, and an apparatus therefor, as set forth in the bill of complaint; that letters patent No. 341,214 are good and valid so far as their claims are embodied in claims 22 and 24, and so far as they embody claims of a combination, the elements of which are (a) a grooved tablet, or other body, having a sound record formed therein, substantially as described in said letters patent; (b) a reproducer having a rubbing style loosely mounted, so that it is free to move laterally, substantially as described in said letters patent. The court further finds that any device which combines the reproducer described in claims 19, 20, 21, 22, or 24 of said patent, with the grooved tablet or other body having a sound record as described in said patent, and especially in claims 22 and 24, is an infringement of complainant's patent No. 341,214. It is further ordered, adjudged, and decreed that the defendant, by the manufacture and sale and use of talking machines marked "Amet's Talking Machine," and identified as "Complainant's Exhibit Defendant's Machine," is an infringer of complainant's patent, and complainant is therefore entitled to recover damages and profits for all infringements by said defendant in the particulars pointed out. Except in the particulars pointed out in this decree, as above stated, the court does not pass upon the validity of the complainant's patents. It is further ordered, adjudged, and decreed that the defendant, Edward H. Amet, his counselors, attorneys, solicitors, trustees, agents, clerks, employés, servants, and workmen, and each and every of them, be, and they are hereby, enjoined for the remainder of the term of the life of said letters patent from further infringing the same, and from manufacturing or causing to be manufactured, selling or causing to be sold, using or causing to be used, the said or any talking machines, or any part or parts thereof, so containing or embodying the said invention, and that the complainant recover from the said defendant, as well, the damages sustained in and by reason of said infringements, as the profits, amounts, and savings made and realized by the defendant thereby, together with the costs herein to be taxed, and that the cause be referred to Henry W. Bishop, a master in chancery of this court, to take, state, and report the account of damages and profits, under and in accordance with this decree.